UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURA E. LOPERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 20-cv-10355-NMG |
| | ) | |
| COMPASS GROUP USA, INC., | ) | |
| MORRISON MANAGEMENT | ) | |
| SPECIALISTS, INC., FLIK | ) | |
| INTERNATIONAL CORP., and MARIE | ) | |
| MONTFLEURY[sic], individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Compass Group USA, Inc. ("Compass"), Morrison Management Specialists, Inc. ("Morrison"), Flik International Corp. ("Flik"), and Marie Monfleury ("Monfleury") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the first Amended Complaint (hereafter "Complaint") of Plaintiff Laura E. Lopera ("Plaintiff"), filed March 4, 2021 (Doc. 28), as follows:

## INTRODUCTION

1.      Compass, Morrison and Flik admit Plaintiff was employed with subsidiaries of Compass at separate times during the period from in or around August 2009 until in or around September 2018, Plaintiff completed Compass Group's Manager in Training program in 2017 while employed with Flik, and in April of 2018, Plaintiff became employed with Morrison at its account at Boston Medical Center.  Defendants, excepting Monfleury who lacks knowledge or information, admit that Morrison is a wholly owned subsidiary of Compass.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.  Defendants neither admit nor deny the allegations that are conclusions of law to which no responsive pleading is required, except admit that Plaintiff purports to proceed as stated therein.

## PARTIES

2.      Defendants admit that Plaintiff is a natural person.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and therefore deny them.

3.      Admitted, except that Monfleury lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 3 of the Complaint.

4.      Admitted, except that Monfleury lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 4 of the Complaint.

5.      Admitted, except that Monfleury lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 5 of the Complaint.

6.      Admitted.

## JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint states conclusions of law to which no response is required.  Defendants do not dispute the jurisdiction of this Court to hear and decide this matter.

8.      Paragraph 8 of the Complaint states conclusions of law to which no response is required.  Defendants do not dispute the jurisdiction of this Court to hear and decide this matter.

## FACTUAL BACKGROUND

9.      Admitted.

10.     Admitted.

11.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 12 of the Complaint.

13.     Morrison and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 13 of the Complaint and therefore deny them.  Compass and Flik admit that Plaintiff was hired by Flik, a subsidiary of Compass, in 2009.

14.     Monfleury and Morrison lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 14 of the Complaint and therefore deny them.  Compass and Flik admit that Compass had general influence over some aspects of Flik's operations, but did not exert direct or indirect control over Plaintiff's employment relationship with Flik.  Except as expressly admitted, Defendants deny the allegations of Paragraph 14 of the Complaint.

15.     Monfleury and Morrison lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 15 of the Complaint and therefore deny them.  Compass and Flik admit that Flik utilized some Compass policies and procedures, that Plaintiff applied to, was accepted to and participated in a Compass manager in training program while employed with Flik,

that she completed Compass general training and Flik specific training, and that Compass issued her a form W-2 for one or more tax years.  Except as expressly admitted, Defendants deny the allegations of Paragraph 15 of the Complaint.

16.     Monfleury lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 16 of the Complaint and therefore denies them.  Compass and Morrison admit that Morrison employed Plaintiff from April 9, 2018 until her termination in September 2018.  Compass and Flik admit that Flik employed Plaintiff from in or around 2009 until on or around April 6, 2018.  Except as expressly admitted, Defendants deny the allegations of Paragraph 16 of the Complaint.

17.     Defendants deny the allegations of Paragraph 17 of the Complaint.

18.     Monfleury and Morrison lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 18 of the Complaint and therefore deny them.  Compass and Flik deny the allegations of Paragraph 18 of the Complaint.

*Alleged Management Training*

19.     Monfleury lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 19 of the Complaint.  Compass, Flik and Morrison admit that Plaintiff completed Compass Group's Manager in Training Program in 2017.  Compass, Flik and Morrison lack knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 19 of the Complaint.

20.     Monfleury and Morrison lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 20 of the Complaint.  Compass and Flik admit the allegations of Paragraph 20 of the Complaint.

21.     Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore deny them.

22.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 22 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury admit that in or about March 2018, Plaintiff interviewed for the entry level manager position of "Patient Services Manager II" for Morrison at the Boston Medical Center account.  Except as expressly admitted, Defendants deny the allegations of Paragraph 22 of the Complaint.

23.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 23 of the Complaint.

24.     Monfleury and Flik lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 24 of the Complaint.  Compass and Morrison admit that Morrison offered Plaintiff the position of Patient Services Manager II and Plaintiff accepted.  Except as expressly admitted, Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Monfleury lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 25 of the Complaint.  Compass, Flik and Morrison admit Morrison hired Plaintiff and, as a result, Plaintiff's employment with Flik terminated.  Flik admits that Plaintiff had accrued but not used 24.03 hours of vacation as of her last pay period with Flik.  Except as expressly admitted, Defendants deny the allegations of Paragraph 25 of the Complaint.

26.     Monfleury lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 26 of the Complaint.  Compass and Morrison admit that Morrison did not assume liability for Plaintiff's accrued but unused vacation from her employment with Flik upon her hire by Morrison.  Compass and Flik admit Flik did not pay Plaintiff for accrued but unused vacation of 24.03 hours at her last rate of $21.59 per hour at the time her employment with Flik

terminated, but have since tendered such payment to her in care of her counsel of record prior to Plaintiff's amendment of her original complaint to add Flik as a party to this action. Except as expressly admitted, Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 27 of the Complaint. Compass, Morrison and Monfleury admit Plaintiff began her position as Patient Services Manager II at the Morrison account at Boston Medical Center on April 9, 2018. Except as expressly admitted, Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 28 of the Complaint. Compass and Morrison admit that from April 9, 2018 until her termination in September 2018, Plaintiff was subject to the Morrison policies and procedures and some Compass policies and procedures, Plaintiff completed Compass general trainings and training specific to her position with Morrison, and Compass issued Plaintiff a form W-2 for 2018 and otherwise had some control over the payroll process for Morrison.

29. Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 29 of the Complaint. Compass and Morrison admit that Plaintiff's direct manager was Katrina Parson, and Ms. Parsons was direct manager for others in the positions of Patient Services Manager II and Patient Services Manager I. Except as admitted, Defendants deny the allegations of Paragraph 29 of the Complaint.

*Alleged Adverse Treatment Begins*

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore deny them.

31.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 31 of the Complaint.  Defendants Monfleury, Compass and Morrison admit that Plaintiff received some day-to-day direction from Monfleury, a more senior level of Patient Services Manager I who also had responsibility for scheduling Patient Services Managers I and II, and Plaintiff was managed by Katrina Parsons, Associate Director I.  Except as expressly admitted, Defendants deny the allegations of Paragraph 31 of the Complaint.

32.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 32 of the Complaint.  Compass, Morrison and Monfleury lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 32 of the Complaint as it relates to Plaintiff's country of origin.  Except as expressly admitted, Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 34 of the Complaint.

35.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 35 of the Complaint.  Compass, Morrison and Monfleury admit that Monfleury is of Haitian origin and/or ancestry.  Except as expressly admitted, Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 36 of the Complaint.  Upon information and belief, Compass, Morrison and Monfleury admit that Marlon Fitzpatrick is of Haitian origin and/or ancestry.  Except as expressly admitted, Defendants deny the allegations of Paragraph 36 of the Complaint.

37.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 37 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 37 of the Complaint.

38.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 38 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 39 alleges facts, Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 40 of the Complaint.  Compass, Morrison and Monfleury admit the allegations of Paragraph 40 of the Complaint.

41.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 41 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 41 of the Complaint.

42.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 42 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 42 of the Complaint.

43.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 43 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 43 of the Complaint.

44.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 44 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 44 of the Complaint.

45.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 45 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 45 of the Complaint.

46.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 46 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 46 of the Complaint.

47.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 47 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 47 of the Complaint.

48.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 48 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 48 of the Complaint.

49.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 49 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 49 of the Complaint.

50.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 50 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 50 of the Complaint.

*Alleged Food-Safety Violations*

51.     Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint and therefore deny them.

52.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 52 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 52 of the Complaint.

53.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 53 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 53 of the Complaint.

54.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 54 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 54 of the Complaint.

55.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 55 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 55 of the Complaint.

56.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 56 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore deny them.

58.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 58 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 58 of the Complaint.

59.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 59 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 59 of the Complaint.

60.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 60 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 60 of the Complaint.

61.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 61 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 61 of the Complaint.

62.     Defendants lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 62 of the Complaint and therefore deny them.

63.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 63 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 63 of the Complaint.

64.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 64 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 64 of the Complaint.

65.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 65 of the Complaint.  Compass, Morrison and Monfleury deny the allegations of Paragraph 65 of the Complaint.

66.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 66 of the Complaint.  Compass and Morrison deny the allegations of Paragraph 66 of the Complaint.

67.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 67 of the Complaint.   Compass and Morrison deny the allegations of Paragraph 67 of the Complaint.

68.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 68 of the Complaint.   Compass and Morrison deny the allegations of Paragraph 68 of the Complaint.

69.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 69 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 69 of the Complaint.

*Alleged Retaliation*

70.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 70 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 70 of the Complaint.

71.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 71 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 71 of the Complaint.

72.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 72 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 72 of the Complaint.

73.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 73 of the Complaint and therefore deny the allegations of Paragraph 73 of the Complaint.

74.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 74 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 74 of the Complaint.

75.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 75 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 75 of the Complaint.

76.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 76 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 76 of the Complaint.

77.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 77 of the Complaint.   Upon information and belief, Compass, Morrison and Monfleury admit the allegations of Paragraph 77 of the Complaint.

78.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 78 of the Complaint.   Compass, Morrison and Monfleury admit that on Tuesday, July 31, 2018, Plaintiff left work before her shift ended.   Compass, Morrison and Monfleury are without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 78 of the Complaint.   Except as expressly admitted, Defendants deny the allegations of Paragraph 78 of the Complaint.

79.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 79 of the Complaint.   Compass, Morrison and Monfleury deny the allegations of Paragraph 79 of the Complaint.

80.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 80 of the Complaint.   Compass, Morrison and Monfleury admit that

Plaintiff's physician provided documentation indicating that Plaintiff could not work between July 31, 2019 and August 4, 2018.  Compass, Morrison and Monfleury are without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 80.  Except as expressly admitted, Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 81 of the Complaint.  Compass, Morrison and, upon information and belief, Monfleury admit that Plaintiff submitted a doctor's note related to her absence, which is a written document that speaks for itself.  Except as expressly admitted, Defendants deny the allegations of Paragraph 81 of the Complaint.

82.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 82 of the Complaint.  Compass and Morrison admit that Plaintiff communicated with Human Resources between July 31, 2018 and August 4, 2018.  Except as expressly admitted, Defendants deny the allegations of Paragraph 82 of the Complaint.

83.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 83 of the Complaint.  Compass, Morrison and, upon information and belief, Monfleury admit the allegations of Paragraph 83 of the Complaint.

84.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 84 of the Complaint.  Compass and Morrison admit that on August 6, 2018, Mia Amado and Charles Green issued to Plaintiff an Associate Counseling Report, which is a written document that speaks for itself.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 84 of the Complaint.

85.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 85 of the Complaint.  Compass and Morrison state that Paragraph

85 refers to a written document which speaks for itself.  To the extent a response is required to Paragraph 85 of the Complaint, Compass and Morrison admit that the Associate Counseling Report identified two particular examples of Plaintiff's performance deficiencies.  Except as expressly admitted, Defendants deny the allegations of Paragraph 85 of the Complaint.

86.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 86 of the Complaint.  Compass and Morrison state that Paragraph 86 refers to a written document which speaks for itself.  To the extent a response is required to Paragraph 86 of the Complaint, Compass and Morrison admit that the Associate Counseling Report detailed that Plaintiff allowed a temporary employee to act inappropriately in the work environment, reported that she did not address the behavior with the temporary employee, and Plaintiff allowed the behavior to continue, which created a hostile environment for and caused other employees of the department to feel uncomfortable.  Except as expressly admitted, Defendants deny the allegations of Paragraph 86 of the Complaint.

87.     Flik lacks knowledge and information sufficient to either admit or deny the allegations of Paragraph 87 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury deny the allegations of Paragraph 87 of the Complaint.

88.     Flik lacks knowledge and information sufficient to either admit or deny the allegations of Paragraph 88 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury deny the allegations of Paragraph 88 of the Complaint.

89.     Flik lacks knowledge and information sufficient to either admit or deny the allegations of Paragraph 89 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury deny the allegations of Paragraph 89 of the Complaint.

90.     Flik lacks knowledge and information sufficient to either admit or deny the allegations of Paragraph 90 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury deny the allegations of Paragraph 90 of the Complaint.

91.     Flik lacks knowledge and information sufficient to either admit or deny the allegations of Paragraph 91 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury deny the allegations of Paragraph 91 of the Complaint.

92.     Flik and Monfleury lack knowledge and information sufficient to either admit or deny the allegations of Paragraph 92 of the Complaint.  Compass, Morrison and Monfleury state that Paragraph 92 refers to a written document which speaks for itself.  To the extent a response is required to Paragraph 92 of the Complaint, Compass and Morrison admit that the Associate Counseling Report details that Plaintiff scheduled unnecessary overtime for an individual without required approval from an individual in a Director or higher management level position.  Except as expressly admitted, Defendants deny the allegations of Paragraph 92 of the Complaint.

93.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 93 of the Complaint and therefore denies them.  Compass, Morrison and Flik deny the allegations of Paragraph 93 of the Complaint.

94.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 94 of the Complaint.  Compass and Morrison state that Paragraph 94 refers to a written document which speaks for itself.  To the extent a response is required to Paragraph 94, Compass and Morrison admit that the Associate Counseling Report states in words and substance that Plaintiff was verbally counseled within the past 30 days, specifically on July 3, 2018, for a similar incident, over a weekend, of scheduling overtime without the required approval

of a Director or higher.  Except as expressly admitted, Defendants deny the allegations of Paragraph 94 of the Complaint.

95.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 95 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury deny the allegations of Paragraph 95 of the Complaint.

96.     Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 96 of the Complaint.  Compass, Flik and Monfleury admit Plaintiff did not have authority to schedule individuals for overtime work without prior approval of a Director or higher level in management.  Except as expressly admitted, Defendants deny the allegations of Paragraph 96 of the Complaint.

97.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 97 of the Complaint.  Compass and Morrison admit that Jamie Robidoux contacted Plaintiff on or around August 7, 2018, after Plaintiff returned from her medical absence.  Except as expressly admitted, Defendants deny the allegations of Paragraph 97 of the Complaint.

98.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 98 of the Complaint.  Compass and Morrison admit that Mr. Robidoux placed Plaintiff on administrative leave pending an investigation of her conduct in relation to the Associate Counseling Report and the meeting with Ms. Parsons and Mr. Green on August 6, 2018.  Except as expressly admitted, Defendant denies the allegations of Paragraph 98 of the Complaint.

99.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 99 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 99 of the Complaint.

100.    Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 100 of the Complaint.  Compass and Morrison admit that on or about August 13, 2018, Morrison informed Plaintiff that at the request of the client, she was being removed from the BMC account, that there was no other open position for her within Morrison and that she was placed on 30 day paid job search.  Except as expressly admitted, Defendants deny the allegations of Paragraph 100 of the Complaint.

101.    Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 101 of the Complaint and therefore denies them.  Compass, Morrison and Monfleury deny the allegations of Paragraph 101 of the Complaint.

102.    Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 102 of the Complaint.  Compass and Morrison admit that Morrison informed Plaintiff that she was placed on a 30 day paid job search during which time she should conduct a job search and apply for positions within the companies and divisions of Compass.  Except as expressly admitted, Defendants deny the allegations of Paragraph 102 of the Complaint.

103.    Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 103 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 103 of the Complaint.

104.    Defendants are without sufficient information to form a belief as to the truth of the allegations of Paragraph 104 of the Complaint and therefore deny them.

105.     Paragraph 105 states conclusions of law to which no response is required.  To the extent Paragraph 105 states allegations of fact, Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 105 of the Complaint.  Compass and Morrison admit that Plaintiff's employment with Morrison terminated effective September 13, 2018, after she failed to successfully identify, apply for and receive an offer for a position within Morrison or any other company or division of Compass.  Except as expressly admitted, Defendants deny the allegations of Paragraph 105 of the Complaint.

106.     Flik and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 106 of the Complaint.  Compass and Morrison deny the allegations of Paragraph 106 of the Complaint.

107.     Morrison and Monfleury lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 107 of the Complaint.  Compass and Flik admit Flik did not process pay to Plaintiff for 24.03 hours of accrued but unused vacation at the end of Plaintiff's employment with Flik, but did tender such payment to Plaintiff thereafter and before she filed the instant action against Flik.  Except as expressly admitted, Defendants deny the allegations of Paragraph 107 of the Complaint.

## PLAINTIFF'S CLAIMS

### COUNT I – DISCRIMINATION ON THE BASIS OF RACE/COLOR, ANCESTRY, AND NATIONAL ORIGIN (COMPASS GROUP USA, INC. AND MORRISON MANAGEMENT SPECIALISTS, INC.)

108.     Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 107, as if set forth fully here.

109.     Flik and Monfleury are not named in this Count I of the Complaint, and therefore no response is required of them.  To the extent a response is required, Flik lacks knowledge or

information sufficient to either admit or deny the allegations of Paragraph 109 of the Complaint, and Compass, Morrison and Monfleury admit Plaintiff filed a charge of discrimination against Compass, Morrison Healthcare and Monfleury with the Massachusetts Commission Against Discrimination on or around January 29, 2019.  Except as expressly admitted, Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    Flik and Monfleury are not named in this Count I of the Complaint, and therefore no response is required of them.  To the extent a response is required, Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 110 of the Complaint, and Compass, Morrison and Monfleury, upon information and belief, admit the allegations of Paragraph 110 of the Complaint.

111.    Flik and Monfleury are not named in this Count I of the Complaint, and therefore no response is required of them.  To the extent a response is required, Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 111 of the Complaint, and Compass, Morrison and Monfleury, upon information and belief, admit the allegations of Paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 112 of the Complaint states allegations of fact, Defendants deny the allegations of Paragraph 112 of the Complaint.

Defendants state the paragraph headed "WHEREFORE" following Paragraph 112 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following Paragraph 112 and deny that Plaintiff is entitled to any relief or recovery of any kind under Count I of the Complaint.

## COUNT II – DISCRIMINATION ON THE BASIS
## OF SEXUAL ORIENTATION
## (COMPASS GROUP USA, INC. AND MORRISON MANAGEMENT SPECIALISTS, INC.)

113.    Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 112 and all WHEREFORE paragraphs, as if set forth fully here.

114.    Flik and Monfleury are not named in this Count II of the Complaint, and therefore no response is required of them.  Paragraph 114 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 114 of the Complaint states allegations of fact, Defendants deny the allegations of Paragraph 114 of the Complaint.

Defendants state the paragraph headed "WHEREFORE" following Paragraph 114 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following Paragraph 114 and deny that Plaintiff is entitled to any relief or recovery of any kind under Count II of the Complaint.

## COUNT III – COERCION, INTIMIDATION, THREATS AND INTERFERENCE
## (MARIE MONFLEURY)

115.    Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 114 and all unnumbered paragraphs, as if set forth fully here.

116.    Compass, Morrison and Flik are not named in this Count III of the Complaint, and therefore no response is required of them.  Paragraph 116 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 116 of the Complaint states allegations of fact, Defendants deny the allegations of Paragraph 116 of the Complaint

Defendants state the paragraph headed "WHEREFORE" following Paragraph 116 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following Paragraph 116, and Defendants deny Plaintiff is entitled to any relief or recovery of any kind under Count III of the Complaint.

### COUNT IV – FAMILY MEDICAL LEAVE ACT INTERFERENCE (COMPASS GROUP USA, INC AND MORRISON MANAGEMENT SPECIALISTS, INC.)

117.    Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 116 and all unnumbered paragraphs, as if set forth fully here.

118.    Flik and Monfleury are not named in this Count IV of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny to the allegations of Paragraph 118 of the Complaint and therefore deny them.  Paragraph 118 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 118 of the Complaint states allegations of fact, Compass and Morrison admit the allegations of Paragraph 118 of the Complaint.

119.    Flik and Monfleury are not named in this Count IV of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny to the allegations of Paragraph 119 of the Complaint and therefore deny them.  Paragraph 119 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 119 of the Complaint states allegations of fact, Compass and Morrison admit the allegations of Paragraph 119 of the Complaint.

120.    Flik and Monfleury are not named in this Count IV of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny to the allegations of Paragraph 120 of the Complaint and therefore deny them.  Compass and Monfleury are without sufficient information to form a belief as to the truth of the allegations of Paragraph 120 and therefore deny them.

121.    Flik and Monfleury are not named in this Count IV of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 121 of the Complaint and therefore deny them.  Compass and Morrison admit Plaintiff was approved for one period of leave under the Family and Medical Leave Act ("FMLA") and was denied leave under the FMLA for a prior period of absence.  Except as expressly admitted, Compass and Morrison are without sufficient information to form a belief as to the truth of the allegations of Paragraph 121 and therefore deny them.

122.    Flik and Monfleury are not named in this Count IV of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 122 of the Complaint and therefore deny them.  Paragraph 122 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 122 of the Complaint states allegations of fact, Compass and Morrison deny the allegations of Paragraph 122 of the Complaint.

Defendants state the paragraph headed "WHEREFORE" following Paragraph 122 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following Paragraph 122, and Defendants deny Plaintiff is entitled to any relief or recovery of any kind under Count IV of the Complaint.

**COUNT V – FAMILY MEDICAL LEAVE ACT RETALIATION**
**(COMPASS GROUP USA, INC. AND MORRISON MANAGEMENT SPECIALISTS,**
**INC.)**

123.    Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 122 and all unnumbered paragraphs, as if set forth fully here.

124.    Flik and Monfleury are not named in this Count V of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 124 of the Complaint and therefore deny them.  Paragraph 124 of the Complaint states conclusions of law to which no response is required.   To the extent Paragraph 124 of the Complaint states allegations of fact, Compass and Morrison deny the allegations of Paragraph 124 of the Complaint.  Defendants deny the allegations of Paragraph 124.

Defendants state the paragraph headed "WHEREFORE" following Paragraph 124 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following Paragraph 124, and Defendants deny Plaintiff is entitled to any relief or recovery of any kind under Count V of the Complaint.

**COUNT VI – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(COMPASS GROUP USA, INC. AND MORRISON MANAGEMENT SPECIALISTS,**
**INC.)**

125.    Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 124 and all unnumbered paragraphs, as if set forth fully here.

126.    Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or

deny the allegations of Paragraph 126 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 126 of the Complaint.

127.     Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 127 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 127 of the Complaint.

128.     Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 128 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 128 of the Complaint.

129.     Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 129 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 129 of the Complaint.

130.     Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 130 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 130 of the Complaint.

131.     Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 131 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 131 of the Complaint.

132.    Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 132 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 132 of the Complaint.

133.    Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 133 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 133 of the Complaint.

134.    Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 134 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 134 of the Complaint.

135.    Flik and Monfleury are not named in this Count VI of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 135 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 135 of the Complaint.

Defendants state the paragraph headed "WHEREFORE" following Paragraph 135 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following Paragraph 135, and Defendants deny Plaintiff is entitled to any relief or recovery of any kind under Count VI of the Complaint.

**COUNT VII – FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207 (COMPASS GROUP USA, INC. AND MORRISON MANAGEMENT SPECIALISTS, INC.)**

136.     Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 135 and all unnumbered paragraphs, as if set forth fully here.

137.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 137 of the Complaint and therefore deny them.  Paragraph 137 of the Complaint states conclusions of law to which no response is required.   To the extent Paragraph 137 of the Complaint states allegations of fact, Compass and Morrison admit the allegations of Paragraph 137 of the Complaint.

138.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 138 of the Complaint and therefore deny them. Compass and Morrison deny the allegations of Paragraph 138.

139.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 139 of the Complaint and therefore deny them.  Compass and Morrison admit Plaintiff's position of Patient Services Manager II was classified as an exempt position, and she was paid a salary.  Except as expressly admitted, Compass and Morrison deny the allegations of Paragraph 139.

140.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or

deny the allegations of Paragraph 140 of the Complaint and therefore deny them.  Compass and Morrison admit Plaintiff's position of Patient Services Manager II was classified as an exempt position, Plaintiff was paid a salary and therefore was not paid on an hourly basis, and Plaintiff's position was exempt from and was not subject to overtime under the Fair Labor Standards Act ("FLSA").   Except as expressly admitted, Compass and Morrison deny the allegations of Paragraph 140 of the Complaint.

141.    Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 141 of the Complaint and therefore deny them.  Compass and Morrison admit Plaintiff's position of Patient Services Manager II was classified as an exempt position, Plaintiff was paid a salary and therefore was not paid on an hourly basis, and Plaintiff's position was exempt from and was not subject to overtime under the FLSA.  Except as expressly admitted, Compass and Morrison deny the allegations of Paragraph 141 of the Complaint.

142.    Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 142 of the Complaint and therefore deny them.  Paragraph 142 of the Complaint states conclusions of law to which no response is required.   To the extent Paragraph 142 of the Complaint states allegations of fact, Compass and Morrison admit Plaintiff's position of Patient Services Manager II was classified as an exempt position, Plaintiff was paid a salary and therefore was not paid on an hourly basis, and Plaintiff's position was exempt from and was not subject to overtime under the FLSA.  Except as expressly admitted, Compass and Morrison deny the allegations of Paragraph 142 of the Complaint.

143.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 143 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 143 of the Complaint.

144.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 144 of the Complaint and therefore deny them.  Compass and Morrison deny the allegations of Paragraph 144 of the Complaint.

145.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 145 of the Complaint and therefore deny them.  Paragraph 145 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 145 of the Complaint states allegations of fact, Compass and Morrison deny the allegations of Paragraph 145 of the Complaint.

146.     Flik and Monfleury are not named in this Count VII of the Complaint, and therefore no response is required of them, and they lack knowledge or information sufficient to admit or deny the allegations of Paragraph 146 of the Complaint and therefore deny them.  Paragraph 146 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 146 of the Complaint states allegations of fact, Compass and Morrison deny the allegations of Paragraph 146 of the Complaint.

Defendants state the paragraph headed "WHEREFORE" following Paragraph 146 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following

Paragraph 146, and Defendants deny Plaintiff is entitled to any relief or recovery of any kind under Count VII of the Complaint.

### COUNT VIII – VIOLATION OF THE WAGE ACT, M.G.L. c. 149, § 148 (COMPASS GROUP USA, INC., MORRISON MANAGEMENT SPECIALISTS, INC. AND FLIK INTERNATIONAL CORP.)

147.    Defendants repeat and incorporate by reference their previous responses, including without limitation as to Paragraphs 1 through 146 and all unnumbered paragraphs, as if set forth fully here.

148.    Monfleury is not named in this Count VIII of the Complaint, and therefore no response is required of her, and she lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 148 of the Complaint and therefore denies them.  Paragraph 148 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 148 of the Complaint states allegations of fact, Compass, Morrison and Flik deny the allegations of Paragraph 148 of the Complaint.

149.    Monfleury is not named in this Count VIII of the Complaint, and therefore no response is required of her, and she lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 149 of the Complaint and therefore denies them.  Paragraph 149 of the Complaint states conclusions of law to which no response is required.  To the extent Paragraph 149 of the Complaint states allegations of fact, Compass, Morrison and Flik deny the allegations of Paragraph 149 of the Complaint.

150.     Monfleury is not named in this Count VIII of the Complaint, and therefore no response is required of her, and she lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 150 of the Complaint and therefore denies them.  Flik lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 150 of the Complaint and therefore denies them.  Paragraph 150 of the Complaint states conclusions of law to which no response is required. To the extent Paragraph 150 of the Complaint states allegations of fact, Compass and Morrison deny such allegations.

151.     Monfleury is not named in this Count VIII of the Complaint, and therefore no response is required of her, and she lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 151 of the Complaint and therefore denies them.  Morrison lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 151 of the Complaint and therefore denies them.  Compass and Flik deny the allegations of Paragraph 151 of the Complaint.

152.     Monfleury is not named in this Count VIII of the Complaint, and therefore no response is required of her, and she lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 152 of the Complaint and therefore denies them.  Compass, Morrison and Flik deny the allegations of Paragraph 152 of the Complaint.

153.     Monfleury is not named in this Count VIII of the Complaint, and therefore no response is required of her, and she lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 153 of the Complaint and therefore denies them.  Compass, Morrison and Flik lack knowledge or information sufficient to either admit or deny the allegations of Paragraph 153 of the Complaint and therefore deny the allegations of Paragraph 153 of the Complaint.

Defendants state the paragraph headed "WHEREFORE" following Paragraph 153 consists of demands and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of the paragraph headed "WHEREFORE" following Paragraph 153, and Defendants deny Plaintiff is entitled to any relief or recovery of any kind under Count VIII of the Complaint.

## JURY DEMAND

Defendants object to trial by jury except as to those claims so triable and for which Plaintiff has made a timely demand for jury trial.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or are otherwise untimely.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part by Plaintiff's failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

### FOURTH DEFENSE

Plaintiff has failed to state a *prima facie* case of discrimination, retaliation or interference with rights.

**FIFTH DEFENSE**

Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff unreasonably failed and refused to cooperate with Morrison by failing to provide a medical certification in response to a valid request to support leave under such act, and Plaintiff cannot show that she was qualified for such leave.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, on the grounds that any damages suffered by Plaintiff are the consequence of Plaintiff's own acts and/or omissions, or of those of third persons not in Defendants' control.

**SEVENTH DEFENSE**

Plaintiff's claims are barred because Defendants' actions toward Plaintiff were based on legitimate, nondiscriminatory and non-retaliatory business reasons unrelated to Plaintiff's race/color, national origin/ancestry, sexual orientation, or alleged protected activity.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because she was properly counseled for reasons including, but not limited to, her performance, inappropriate behavior and failure to perform her job duties.

**NINTH DEFENSE**

Plaintiff's Complaint fails to allege any facts to demonstrate that Defendants' treatment of Plaintiff was pretext for alleged race/color, national origin/ancestry or sexual orientation discrimination or retaliation.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all relevant times, Compass and Morrison maintained a policy prohibiting discrimination and procedures for investigating and

preventing discrimination and retaliation, the companies exercised reasonable care through such policies and procedures to prevent and promptly correct any discrimination or retaliation, and Plaintiff unreasonably failed to avail herself of opportunities pursuant to those policies and procedures or otherwise, to be free from discrimination and/or retaliation.

### ELEVENTH DEFENSE

Plaintiff's wrongful discharge claim fails because she was unable to identify any clearly established public policy in support of an exception to Massachusetts' at-will employment rule.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, laches, waiver, estoppel and/or unclean hands.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedies provisions of the Massachusetts Workers' Compensation statute (M.G.L. c. 152) and/or the Massachusetts Fair Employment Practices Act (M.G.L. c. 151B).

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of judicial estoppel to the extent that she has taken inconsistent positions or made inconsistent representations in this or another forum.

### FIFTEENTH DEFENSE

If it is proved that any actions taken with respect to Plaintiff's employment were motivated by discrimination and/or retaliation (and Defendants affirmatively state that none were), the same actions would have been taken regardless of Plaintiff's race/color, national origin/ancestry or sexual orientation, regardless of alleged discrimination, harassment, and/or retaliation, or regardless of any alleged protected activity by Plaintiff.

## SIXTEENTH DEFENSE

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendants must be reduced accordingly.

## SEVENTEENTH DEFENSE

Plaintiff's claims are diminished in whole or in part by the after-acquired evidence doctrine to the extent such evidence is revealed after her termination.

## EIGHTEENTH DEFENSE

To the extent Plaintiff is seeking punitive damages or enhanced liquidated or actual damages, Defendants acted in good faith, had objectively reasonable grounds to believe their conduct did not violate state or federal laws, did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did it engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive or enhanced liquidated damages under state or federal laws.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds that Defendants fully paid and/or properly credited her for all of the wages, compensation, bonuses, and accrued vacation pay she earned.

## TWENTITH DEFENSE

Plaintiff's claims for unpaid wages and/or overtime fail to the extent the time for which Plaintiff seeks compensation does not constitute compensable time for purposes of Massachusetts law and the Fair Labor Standards Act ("FLSA").

## TWENTY-FIRST DEFENSE

Plaintiff's claims should be dismissed because she has received all payment for salary, compensation and vacation to which she is legally entitled.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for unpaid overtime fail because she was properly classified as an exempt employee under the FLSA and Massachusetts law.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against Compass and Flik for alleged unpaid vacation under Massachusetts law fail because Compass and Flik have paid to Plaintiff all amounts recoverable as monetary damages under such claim.

## TWENTY-FOURTH DEFENSE

Defendants reserve their rights under FRCP 15 to amend this Answer and assert additional affirmative defenses as they become known and apparent.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever or any other relief of any kind.  Defendants respectfully submit that the Complaint should be dismissed in its entirety, and that Defendants be awarded their costs incurred in defending this lawsuit, including reasonable attorneys' fees, as well as such other and further relief as the Court deems just and equitable.

Respectfully submitted,

COMPASS GROUP USA, INC.,
MORRISON MANAGEMENT
SPECIALISTS, INC., FLIK
INTERNATIONAL CORP., and MARIE
MONFLEURY, individually,

By their attorneys

*/s/ Siobhan M. Sweeney*
Siobhan M. Sweeney, BBO# 562118
 *ssweeney@litter.com*
 M. 617.513.9167
Ellen E. Lemire, BBO# 670994
 *elemire@littler.com*
LITTLER MENDELSON P.C.
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.507.5634

March 19, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March 2021, a true and accurate copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants.

*/s/Siobhan M. Sweeney*
    Siobhan M. Sweeney

4821-2875-1073.1 090144.1080